IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RACHEL MYRICK, | § |
| *Plaintiff*, | § § § |
| v. | § CIVIL CASE NO. 2:22-CV-370-JRG |
| TEXAS STATE TECHNICAL COLLEGE, | § § § |
| *Defendant*. | § § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Texas State Technical College's ("TSTC") Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"). (Dkt. No. 10.) In the Motion, TSTC moves to dismiss Plaintiff Rachel Myrick's ("Myrick") claim that TSTC discharged her in retaliation for engaging in Title IX protected activity. (*Id.* at 1; Dkt. No. 7, ¶¶ 19–23.) Having considered the Motion and briefing, the Court finds the Motion should be **DENIED** for the reasons set forth herein.

**I.      PROCEDURAL BACKGROUND**

Myrick filed her Complaint against TSTC on September 26, 2022. (Dkt. No. 1.) On November 1, 2022, after TSTC filed its Motion to Dismiss Plaintiff's Original Complaint (Dkt. No. 4), Myrick amended her Complaint to include additional factual allegations.[1] (Dkt. No. 7.) TSTC filed this Motion on November 21, 2022, seeking the dismissal of Myrick's Amended Complaint on the grounds that it does not state a plausible Title IX retaliation claim on which relief

---

[1] TSTC's Motion to Dismiss Plaintiff's Original Complaint (Dkt. No. 4) was denied as moot by this Court in light of Myrick's Amended Complaint. (Dkt. No. 24.)

can be granted. (Dkt. No. 10 at 1.) TSTC asserts that Myrick has failed to properly allege two of three required elements of a Title IX retaliation claim. (*See id.* at 3, 5.)

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III. DISCUSSION

In its Motion, TSTC argues that Myrick has failed to properly allege certain required elements of a Title IX retaliation claim. (Dkt. No. 10.) Specifically, TSTC contends that Myrick cannot establish that she engaged in a protected activity under Title IX, nor has she established that a causal link exists between her termination and any alleged protected Title IX activity. (*Id.* at 3–4.) As explained below, the Court need not address the underlying merits of Myrick's allegations at this stage of the litigation and, instead, finds that Myrick's Amended Complaint is sufficient to put TSTC on notice of the claim.

### A. Factual Background

In her Amended Complaint, Myrick alleges that TSTC terminated her employment because she made a report of an alleged Title IX violation. (Dkt. No. 7, ¶¶ 19–23.) Myrick asserts that, in July 2022, a male student confided in Myrick that an older female employee sent him a message that he found "odd," inviting him to lunch sometime and giving him her phone number. (*Id.*, ¶¶ 8, 15.) Later, Myrick told the TSTC psychologist about the conversation. (*Id.*, at ¶ 10.) The psychologist did not know what to do, so Myrick asked an employee from TSTC human resources for her opinion on August 6, 2022. (*Id.*) Two days later, the TSTC human resources employee reached out and told Myrick she must file a Title IX report or she would lose her job. (*Id.*, at ¶ 11.)

Myrick filed the Title IX report on August 9, 2022, after informing her boss that she was going to do so, but she did not name the student in the report because the student did not want a report to be filed. (*Id.*) She later identified the student on August 12, after being "threatened multiple times with her job regarding it." (*Id.*, at ¶ 13.) On August 19, Myrick was summoned to a meeting and was informed that her employment was being terminated for unsatisfactory job performance. (*Id.*, ¶ 17.)

3

### B. TSTC's Motion

A Title IX retaliation claim requires Myrick to sufficiently allege that: (1) she engaged in a Title IX protected activity; (2) she suffered a material adverse action; and (3) a causal link exists between the protected activity and the adverse action. *Collins v. Jackson Pub. Sch. Dist.*, 609 F.App'x 792, 795 (5th Cir. 2015). TSTC argues that the facts pled in the Amended Complaint are not only insufficient to state a plausible Title IX retaliation claim, but defeat any such claim, because "Myrick admits that she filed an untimely Title IX report, only after specifically being told to do so – and, even then, repeatedly refused to provide TSTC with information required by law." (Dkt. No. 10 at 2.) TSTC argues that Myrick's own Amended Complaint makes it clear that she was terminated because she refused to participate in a Title IX investigation, not because she did engage in a Title XI investigation. (*Id.* at 7.)

TSTC maintains that to engage in a Title IX protected activity, the employee must make clear to the employer that they are taking a position adverse to the employer, and this adverse position must be based on a reasonable belief that the employer was engaged in unlawful Title IX practices. (*Id.* at 3–4, citing *Alva v. Texas A&M Int'l Univ.*, 2018 WL 5634983, at *5 (S.D. Tex. Oct. 31, 2018).) TSTC contends that Myrick failed to satisfy this element for two reasons: first, if she took a position adverse to TSTC, it was that she need not file a Title IX complaint nor fully participate in the investigation; second, Myrick did not have a reasonable belief that TSTC was engaged in unlawful Title IX practices. (*Id.* at 4.)

TSTC further contends that to the extent Myrick's eventual cooperation in filing the Title IX report constitutes a protected activity, she has not plausibly alleged that it caused her termination. (*Id.* at 4–5.) TSTC points to Myrick's termination letter issued by TSTC, as well as

4

TSTC Title IX policy.[2] (*Id.* at 5.) Specifically, TSTC contends that Myrick was terminated in accordance with TSTC Title IX policy which requires employees to report the name of the person disclosing sexual misconduct. (*Id.*) TSTC's Motion essentially invites the Court to weigh evidence concerning the pleaded allegations. The Court declines such an invitation at this early stage.

The Court has properly considered whether Myrick's Amended Complaint states enough facts such that the claim to relief is plausible on its face. *Thompson*, 764 F.3d at 502. At the pleadings stage, the Court draws all reasonable inferences in Myrick's favor and likewise finds that Myrick has pled facts sufficient to state a claim. Myrick's Amended Complaint alleges that she engaged in an activity protected under Title IX, was terminated, and that her termination was caused by the protected activity she engaged in. (Dkt. No. 7, ¶¶ 19–23.) In fact, TSTC's Motion itself demonstrates that TSTC is fully aware and on notice of Myrick's allegations in this matter. While TSTC's assertions (that Myrick did not undertake a Title IX protected activity which caused her termination) might be properly raised at the subsequent summary judgment stage, the Court finds that Myrick's allegations are sufficient at the pleadings stage to avoid dismissal under FRCP 12(b)(6).

## IV.   CONCLUSION

For the reasons stated herein, TSTC's Motion is **DENIED**.

---

[2] The Court may consider the termination letter and the TSTC Title IX policy referenced in the letter because, at the 12(b)(6) stage, a court is permitted to rely on "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Script Sec. Sols. L.L.C.*, 170 F. Supp. 3d at 935 (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Myrick's Response to TSTC's Motion admits that Myrick referenced her termination letter in the complaint. (Dkt. No. 11, ¶ 10.)

## So Ordered this

**Apr 28, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

6